UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN ANTONIO SOLOMON,

Plaintiff,

Case No. 26-cv-12509
Hon. Matthew F. Leitman

v.

CHANCEY, *et al.*,

Defendants,
_______________________________________________/

**ORDER (1) DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT AND (2) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER (ECF No. 3) AND PLAINTIFF'S MOTION TO EXPEDITE AND TO FILE EXCESS PAGES (ECF No. 4)**

Plaintiff Martin A. Solomon is a state inmate in the custody of the Michigan Department of Corrections. On July 22, 2026, Solmon filed a *pro se* civil-rights Complaint in this Court pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) Solomon's Complaint is difficult to follow. It is 273 pages long and includes claims against sixty different Defendants arising out of Solomon's incarceration in at least four different prisons. (*See id.*) Solomon is "a prolific litigator in federal court" who has had several similar actions dismissed for failing to state cognizable claims and/or failing to comply with federal pleading requirements. *Solomon v. Clark,* No. 25-cv-13833, 2026 WL 183612, at *1 (E.D. Mich. Jan. 23, 2026) (Drain, J.) (collecting cases). *See also Solomon v. Washington,* No. 26-cv-11136, 2026 WL 1121929 (E.D.

Mich. Apr. 24, 2026) (Murphy, C.J.); *Solomon v. Henry Ford Allegiance Health Sys.*, No. 20-cv-10458, 2021 WL 1736998 (E.D. Mich. May 3, 2021) (Levy, J.). Solomon has also repeatedly been denied leave to proceed *in forma pauperis* on the basis that he is a "three-striker" who has filed at least three prior civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief can be granted. *See, e.g., Solomon v. Correct Care Sols.*, No. 19-cv-12062 (E.D. Mich. July 30, 2019); *Solomon v. Olivette Products, LLC*, No. 13-cv-13666, 2013 WL 5671327 (E.D. Mich. Oct. 17, 2013).

In addition to filing his Complaint, Solomon has also filed an application to proceed *in forma pauperis*. (*See* App., ECF No. 2.) Where, as here, a party applies to proceed *in forma pauperis*, the Court has an obligation to screen the party's Complaint and dismiss it prior to service on the Defendants if it (i) asserts frivolous or malicious claims, (ii) fails to state a claim upon which relief may be granted, and/or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *see also McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). While the Court must liberally construe documents filed by *pro se* plaintiffs, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), a complaint nonetheless "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). *See also Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

The Court has conducted an initial review of Solomon's Complaint and concludes that, as currently pleaded, many, if not all, of Solomon's claims are subject to summary dismissal. Solomon's Complaint, among other things, fails to state viable claims for the following reasons:

- The Complaint does not allow the Court or the Defendants to determine the specific claims that Solomon is raising and/or which of the named Defendants are specifically responsible for the alleged constitutional violations. Solomon's lengthy and confusing Complaint therefore fails to comply with Federal Rule of Civil Procedure 8(a)(2)'s requirement that a complaint contain a "short and plain statement of the claim." Fed.R.Civ.P. 8(a)(2). *See also Payne v. Secretary of Treas*., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of Complaint pursuant to Fed.R.Civ.P. 8(a)(2) and explaining that "[n]either this court nor the district court is required to create Payne's claim for her");
- Solomon brings claims arising out of his incarceration at the Baraga and Chippewa Correctional Facilities. Both of those institutions are located in the Western District of Michigan. Thus, those claims appear to be filed in the wrong venue. *See Bunting ex rel. Gray v. Gray,* 2 F. App'x 443, 448 (6th Cir. 2001) (citing 28 U.S.C. § 1391(b));

- Solomon has sued at least two private hospitals and several private doctors. But Section 1983 claims may only be brought against state actors, and private parties like a hospital or its employees do not become state actors under Section 1983 simply because they provided medical treatment to a prisoner. *See Phillips v. Tangilag*, 14 F.4th 524, 533 (6th Cir. 2021);
- The Complaint appears to improperly join unrelated claims and/or Defendants in violation of Federal Rule of Civil Procedure 20. Thus, severance of at least some of Solomon's claims and/or Defendants may be required. *See Pruden v. SCI Camp Hill*, 252 F. App'x 436, 437-38 (3d Cir. 2007) (affirming dismissal of claims brought by plaintiff where plaintiff's complaint "aver[red] multiple constitutional violations that occurred over a span of seven years" that arose "out of different transactions and occurrences"); *Fields v. Martin*, No. 13-cv-10166, 2013 WL 5182182, at * 4 (E.D. Mich. Sept. 13, 2013) (adopting recommendation to sever claims where claims "involve[d] distinct factual scenarios, different time periods and different legal standards") (*quoting Prince v. Elum*, No. 12-cv-15526, pp. 8-9 (E.D. Mich. Jan. 14, 2013)); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (explaining that district court should have severed prisoner's claims in case where

prisoner brought "50 distinct claims" against 24 different defendants); and

- Solomon has identified several Defendants only by their last names. That is insufficient information for this Court to order the United States Marshal to effectuate service on these Defendants even if the Court were to determine that Solomon's Complaint survived initial screening.

For all of these reasons, the Court concludes that several, if not all, of Solomon's claims may not survive initial screening and/or may need to be severed. However, in lieu of dismissal, the Court will provide Solomon one final opportunity to plead viable claims. Accordingly, the Court **ORDERS** Solomon to file a First Amended Complaint by no later than **September 28, 2026**. In the First Amended Complaint, Solomon shall either (1) name a single Defendant, and if he names a single Defendant, he may bring all of the claims he may have against that single Defendant; or (2) if Solomon wishes to bring claims against multiple Defendants, he shall limit his claims in the First Amended Complaint to claims that arose out of the same transaction or occurrence. He shall not join together unrelated claims against unrelated Defendants. Moreover, in the First Amended Complaint, Solomon shall set out his factual allegations in individually numbered paragraphs in double spaced text (or, if handwritten, sufficiently spaced). Each claim shall be listed separately. Under each listed claim, Solomon shall explain (1) what right was violated, (2) the

legal basis for his claim, (3) which Defendant or Defendants were involved in the alleged violation of that right; (4) what each Defendant did to violate his rights, and (5) the date or approximate date of the alleged violation. The Court encourages Solomon to write short, clear sentences and, if possible, to use punctuation when explaining his claims.

The Court does not anticipate allowing Solomon another opportunity to amend to add factual allegations that he could now include in a First Amended Complaint. Simply put, this is Solomon's opportunity to clearly and separately allege any and all facts, currently known to him, that may support his claims. In addition, if Solomon believes that he should be allowed to proceed *in forma pauperis* because he is in imminent danger of death or serious physical injury, he shall include facts to support that assertion in his First Amended Complaint. If Solomon fails to file a First Amended Complaint as set forth above, the Court will dismiss this action.

Finally, the Court **DENIES WITHOUT PREJUDICE** Solomon's pending motions in this case for a preliminary injunction and to expedite proceedings. (*See* Mots., ECF Nos. 3, 4.) Solomon may re-file those motions if Solomon files a First Amended Complaint and if the Court concludes that that pleading survives initial screening.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 31, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 31, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126