**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARTIN ANTONIO SOLOMON,

Plaintiff,

Case No. 2:26-cv-12509
Hon. Matthew F. Leitman

v.

CHANCEY, ET. AL.,

Defendants,
_______________________________________/

**OPINION AND ORDER (1) SUMMARILY DISMISSING CIVIL RIGHTS CASE AND (2) DENYING THE MOTION FOR SERVICE (ECF No. 11), THE MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 15), THE MOTION TO SUPPLEMENT VERIFIED COMPLAINT (ECF No. 17), AND THE MOTION TO APPOINT COUNSEL (ECF No. 18)**

Martin A. Solomon, ("Plaintiff"), confined at the Egeler Reception and Guidance Center in Jackson, Michigan, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons that follow, the complaint is dismissed with prejudice.

Plaintiff's original complaint was 273 pages and named sixty different defendants arising out of at least four different prisons, two of which, the Baraga and Chippewa Correctional Facilities, are located in the United States District Court for the Western District of Michigan. Plaintiff also named two private hospitals and several private doctors. Several defendants he identified only by their last names.

He also appeared to be joining together in this one case unrelated claims and defendants.

On July 31, 2026, this Court directed Plaintiff to file a first amended complaint by September 28, 2026. The Court gave Plaintiff precise and detailed instructions concerning this amended complaint:

> In the First Amended Complaint, Solomon shall either (1) name a single Defendant, and if he names a single Defendant, he may bring all of the claims he may have against that single Defendant; or (2) if Solomon wishes to bring claims against multiple Defendants, he shall limit his claims in the First Amended Complaint to claims that arose out of the same transaction or occurrence. He shall not join together unrelated claims against unrelated Defendants. Moreover, in the First Amended Complaint, Solomon shall set out his factual allegations in individually numbered paragraphs in double spaced text (or, if handwritten, sufficiently spaced). Each claim shall be listed separately. Under each listed claim, Solomon shall explain (1) what right was violated, (2) the legal basis for his claim, (3) which Defendant or Defendants were involved in the alleged violation of that right; (4) what each Defendant did to violate his rights, and (5) the date or approximate date of the alleged violation. The Court encourages Solomon to write short, clear sentences and, if possible, to use punctuation when explaining his claims.
>
> *Solomon v. Chancey*, No. 26-CV-12509, 2026 WL 2210902, at *2 (E.D. Mich. July 31, 2026).

The Court also warned Plaintiff:

> The Court does not anticipate allowing Solomon another opportunity to amend to add factual allegations that he could now include in a First Amended Complaint. Simply put, this is Solomon's opportunity to clearly and separately allege any and all facts, currently known to him, that may support his claims. In addition, if Solomon believes that he should be allowed to proceed *in forma pauperis* because he is in imminent danger of death or serious physical injury, he shall include

> facts to support that assertion in his First Amended Complaint. If Solomon fails to file a First Amended Complaint as set forth above, the Court will dismiss this action.
>
> *Id.* at * 3.

In response to the Court's order, Plaintiff filed an emergency petition for writ of habeas corpus (ECF No. 8), a first amended complaint (ECF No. 14), a memorandum of law in support of that first amended complaint (ECF No. 16), a proposed second amended complaint (ECF No. 17-1), and a proposed third amended complaint. (ECF No. 17-2). Plaintiff has again filed another motion for a temporary restraining order. (ECF No. 15). He has also filed two declarations of imminent death. (ECF No. 12, 13).

All of these pleadings suffer the same defects as the original complaint. Plaintiff has again joined a number of unrelated claims and defendants in each of these complaints. Some defendants again he identifies only by their last names. He has again alleged constitutional violations occurring in the Baraga and Chippewa Correctional Facilities, which are both located in the Western District of Michigan. He also continues to name two private hospitals and private doctors in his various amended complaints.

Plaintiff's case shall be dismissed, because Plaintiff has failed to comply with the pleading requirements of Fed. R.Civ. P. 8. Fed.R.Civ.P. 8(a)(2) requires that a claim for relief contain "a short and plain statement of the claim showing that the

pleader is entitled to relief." This rule seeks "to avoid technicalities and to require that the pleading discharge the function of giving the opposing party fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved." *Chase v. Northwest Airlines Corp.*, 49 F. Supp. 2d 553, 563 (E.D. Mich.1999) (*quoting* Wright & Miller, Federal Practice and Procedure: Civil 2d § 1215). Similarly, Rule 8(e)(1) requires that "Each averment of a pleading shall be simple, concise, and direct."

Plaintiff's lengthy and voluminous complaints are subject to dismissal for failing to comply with the dictates of Fed. R. Civ. P. 8 (a). *See Echols v. Voisine*, 506 F. Supp. 15, 17-19 (E.D. Mich. 1981), *aff'd*, 701 F.2d 176 (6th Cir. 1982)(Table); *See also Payne v. Secretary of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed.R.Civ.P. 8(a)(2); "Neither this court nor the district court is required to create Payne's claim for her.").

Plaintiff, in fact, has had at least three prior cases dismissed by other judges in this district because his lengthy and confusing complaints failed to comply with the dictates of Fed. R. Civ. P. 8(a)(2). *See Solomon v. Washington,* No. 2:26-CV-11136, 2026 WL 1121929 (E.D. Mich. Apr. 24, 2026)(Murphy, C.J.); *Solomon v. Clark,* No. 25-13833, 2026 WL 183612 (E.D. Mich. Jan. 23, 2026)(Drain, J.); *Solomon v. Henry Ford Allegiance Health Sys.*, No. 20-10458, 2021 WL 1736998 (E.D. Mich. May 3, 2021)(Levy, J.).

Plaintiff has once again filed a lengthy and often indecipherable complaint. His amended pleadings have not corrected these defects. Some of the allegations in the amended complaints involve prison facilities in the Western District of Michigan. Plaintiff has again mentioned at least two private hospitals and several private doctors in his amended pleadings. Many of the claims and defendants are unrelated. The Court dismisses the case because Plaintiff failed to comply with this Court's order to file a first amended complaint that corrected the various defects contained in his original complaint.

This Court also notes that Judge Drain, in his dismissal order, described Plaintiff as "a prolific litigator in federal court." *Solomon v. Clark*, 2026 WL 183612, at *1. Plaintiff has filed at least three prior civil actions that were dismissed for being frivolous or for failure to state a claim upon which relief can be granted. *See, e.g., Solomon v. Macomb Co. Corp.*, No. 2:12-CV-14537 (E.D. Mich. Dec. 13, 2012); *Solomon v. Berghuis*, No. 2:12-CV-12049 (E.D. Mich. July 30, 2012); *Solomon v. Wayne Co. Corp.*, No. 2:11-CV-12330 (E.D. Mich. June 10, 2011). Plaintiff has subsequently been denied leave to proceed *in forma pauperis* in other federal lawsuits under 28 U.S.C. § 1915(g), the three strikes rule. *See, e.g., Solomon v. Correct Care Sols.*, No. 2:19-CV-12062 (E.D. Mich. July 30, 2019); *Solomon v. Olivette Products, LLC*, No. 2:13-CV-13666, 2013 WL 5671327 (E.D. Mich. Oct. 17, 2013).

It is true that Plaintiff appears to be alleging that he is being denied medical care for numerous serious conditions, which might permit him to proceed *in forma pauperis* in spite of his prior frivolity dismissals, under the imminent danger exception to § 1915(g). However, in the absence of a concise and readable complaint that names the proper defendants and raises only allegations which arose out of facilities in the Eastern District, this Court is not in a position to determine whether Plaintiff has sufficiently alleged that he is in imminent danger of death or serious physical injury at the time he filed his complaint to be permitted to proceed *in forma pauperis*. Accordingly, the Court denies Plaintiff permission to proceed *in forma pauperis.*

**ORDER**

Plaintiff's case is SUMMARILY DISMISSED WITH PREJUDICE.

The Court dismisses Plaintiff's pending motions.

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: October 6, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 6, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager