UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN ANTONIO SOLOMON,

Plaintiff,

Case No. 26-cv-12509
Hon. Matthew F. Leitman

v.

CHANCEY, *et al.*,

Defendants,
_____________________________________________________/

**ORDER (1) SUMMARILY DISMISSING ACTION AND (2) DENYING PLAINTIFF'S MOTION FOR SERVICE (ECF No. 11), MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 15), MOTION TO SUPPLEMENT VERIFIED COMPLAINT (ECF No. 17), AND MOTION TO APPOINT COUNSEL (ECF No. 18)**

Plaintiff Martin A. Solomon is a state inmate in the custody of the Michigan Department of Corrections. On July 22, 2026, Solmon filed a *pro se* civil-rights Complaint in this Court pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) For the reasons explained below, the Court summarily **DISMISSES** this action **WITH PREJUDICE** and **DENIES** all of Solomon's pending motions.[1]

[1] On October 6, 2026, the Court issued an order summarily dismissing this case and denying Solomon's pending motions. (*See* Order, ECF No. 19.) That order was entered in error, and the Court vacated the order on October 7, 2026. (*See* Order, ECF No. 22.) This order replaces the erroneous order issued on October 6, 2026.

Solomon's original Complaint was difficult to follow. It was 273 pages long and named sixty different Defendants. It raised claims arising out of Solomon's incarceration at at least four different prisons, two of which, the Baraga and Chippewa Correctional Facilities, are located in the Western District of Michigan. Solomon also attempted to bring claims against two private hospitals and several private doctors. In sum, Solomon appeared to be joining together in this one case several unrelated claims against unrelated Defendants.

On July 31, 2026, this Court issued an order in which it explained to Solomon that "as currently pleaded, many, if not all, of [his] claims [were] subject to summary dismissal." (Order, ECF No. 7, PageID.385.) The Court then explained in detail why Solomon's Complaint failed to state viable claims. (*See id.*, PageID.385-387.) However, rather than dismiss Solomon's Complaint at that time, the Court decided to "provide Solomon one final opportunity to plead viable claims." (*Id.*, PageID.387.) The Court therefore directed Solomon to file a First Amended Complaint by September 28, 2026. (*See id.*) The Court then gave Solomon precise and detailed instructions concerning his First Amended Complaint:

> In the First Amended Complaint, Solomon shall either (1) name a single Defendant, and if he names a single Defendant, he may bring all of the claims he may have against that single Defendant; or (2) if Solomon wishes to bring claims against multiple Defendants, he shall limit his claims in the First Amended Complaint to claims that arose out of the same transaction or occurrence. He shall not join together unrelated claims against unrelated

> Defendants. Moreover, in the First Amended Complaint, Solomon shall set out his factual allegations in individually numbered paragraphs in double spaced text (or, if handwritten, sufficiently spaced). Each claim shall be listed separately. Under each listed claim, Solomon shall explain (1) what right was violated, (2) the legal basis for his claim, (3) which Defendant or Defendants were involved in the alleged violation of that right; (4) what each Defendant did to violate his rights, and (5) the date or approximate date of the alleged violation. The Court encourages Solomon to write short, clear sentences and, if possible, to use punctuation when explaining his claims.

*Solomon v. Chancey*, No. 26-CV-12509, 2026 WL 2210902, at *2 (E.D. Mich. July 31, 2026).

The Court also warned Solomon that his failure to comply with the Court's detailed instructions would result in the dismissal of this action:

> The Court does not anticipate allowing Solomon another opportunity to amend to add factual allegations that he could now include in a First Amended Complaint. Simply put, this is Solomon's opportunity to clearly and separately allege any and all facts, currently known to him, that may support his claims. In addition, if Solomon believes that he should be allowed to proceed *in forma pauperis* because he is in imminent danger of death or serious physical injury, he shall include facts to support that assertion in his First Amended Complaint. If Solomon fails to file a First Amended Complaint as set forth above, the Court will dismiss this action.

*Id.* at * 3.

In response to the Court's order, Solomon filed an emergency petition for a writ of habeas corpus (ECF No. 8), a First Amended Complaint (ECF No. 14), a memorandum of law in support of his First Amended Complaint (ECF No. 16), a proposed Second Amended Complaint (ECF No. 17-1), and a proposed Third Amended Complaint (ECF No. 17-2). He also filed a second motion for a temporary restraining order (ECF No. 15) and a motion to appoint counsel (ECF No. 18). Finally, Solomon filed two declarations of imminent death (ECF Nos. 12, 13).

The Court has carefully reviewed all of Solomon's filings and concludes that they all suffer from the same defects as Solomon's initial Complaint. Solomon has again joined several unrelated claims brought against unrelated Defendants in each of his proposed Amended Complaints; he again raises claims based on alleged constitutional violations occurring at the Baraga and Chippewa Correctional Facilities, which are both located in the Western District of Michigan; and he again names as Defendants two private hospitals and private doctors. Therefore, because Solomon's First Amended Complaint and his proposed Second and Third Amended Complaints do not address the deficiencies that the Court identified in the September 28, 2026, order and do not comply with the pleading requirements of the Federal Rules of the Civil Procedure, the Court will dismiss this action with prejudice.

Finally, the Court notes that Solomon is a "three-striker" who has filed at least three prior civil actions that have been dismissed as frivolous or for failure to state a

claim upon which relief can be granted. *See, e.g., Solomon v. Washington,* No. 26-cv-11136, 2026 WL 1121929 (E.D. Mich. Apr. 24, 2026) (Murphy, C.J.); *Solomon v. Clark,* 2026 WL 183612 (E.D. Mich. Jan. 23, 2026) (Drain, J.); *Solomon v. Henry Ford Allegiance Health Sys.*, 2021 WL 1736998 (E.D. Mich. May 3, 2021) (Levy, J.). Solomon has also been denied leave to proceed *in forma pauperis* in other federal lawsuits based on the three strikes rule in 28 U.S.C. § 1915(g). *See, e.g., Solomon v. Correct Care Sols*., 2019 WL 3425336 (E.D. Mich. July 30, 2019); *Solomon v. Olivette Products, LLC*, 2013 WL 5671327 (E.D. Mich. Oct. 17, 2013). And while the Court need not decide whether Solomon can avoid the application of the three-strikes rule here based on his claims that he is in imminent danger of death or serious physical injury, the Court notes that several other Judges in this District have rejected similar conclusory claims of danger by Solomon. *See*, *e.g.*, *Solomon*, 2019 WL 3425336, at * 2 ("The events giving rise to [Solomon's] complaint and amended complaint do not meet the [imminent danger] standard" to avoid the three-strikes rule); *Solomon*, 2013 WL 5671327, at *2 (holding that Solomon had "failed to establish that he is under imminent danger of serious physical injury so as to fall within the exception to the three strikes provision of 28 U.S.C. § 1915(g)").

For all of the reasons explained above, the Court **DISMISSES** this action **WITH PREJUDICE** and **DENIES** all of Solomon's pending motions as moot. The Court further concludes that an appeal from this decision cannot be taken in good

faith, and thus a certificate of appealability will not issue. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: October 8, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 8, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126